Anastacio GARCIA, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 54798.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 8, 1978.

---

1. V.T.C.A. Penal Code, Secs. 9.31, 9.32.

2. V.T.C.A. Penal Code, Sec. 9.33.

Dick Stengel, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Thomas C. Roepke, Asst. Dist. Atty., El Paso, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

**14**

## OPINION

VOLLERS, Judge.

Appellant was convicted in a trial before the court of indecency with a child pursuant to V.T.C.A. Penal Code, Section 21.11(a)(2).[1] On finding appellant guilty, the court assessed his punishment at five years confinement in the Texas Department of Corrections.

It was alleged by indictment that appellant "on or about the 29th of September, 1975 . . . did . . . intentionally and knowingly with intent to arouse and gratify the sexual desire of the said Anastacio Garcia expose to R_____ G_____, a child not his spouse younger than 17 years of age, the genitals of the said Anastacio Garcia, the said Anastacio Garcia then and there knowing that the said R_____ G_____ was present. . . . ." R_____ G_____, appellant's 13 year old daughter, as well as three of appellant's other daughters, aged 16, 12 and 11, testified to incidences of their father's inducing them to masturbate him at various times over a period of several years. The testimony reflected that appellant had begun such course of conduct with his daughters when each was between four and six years of age. There was also testimony that appellant had forced two of the daughters to engage in other deviate sex acts with him. Each of the children testified that she had been afraid to advise older brothers and sisters, or their mother, of their father's behavior, and had done so only recently on being questioned.

After the testimony of the children was completed, the State called Mrs. Carmen F. Garcia, the wife of appellant, who testified as to facts cumulative of the testimony of the children.

By his first ground of error, appellant contends that the competence of the children to testify was not established by the trial court pursuant to Article 38.06, V.A.C. C.P.,[2] and it was error for the court to overrule his objections thereto. As presented, such ground of error is multifarious and presents nothing for review. *Kalmbach v. State,* 481 S.W.2d 151 (Tex.Cr.App.1972). Even if properly before this Court, such contention does not present reversible error.

█ It is well settled that the competence of a child witness is a question for the trial court and will not be disturbed on appeal absent an abuse of discretion. *Clark v. State,* 558 S.W.2d 887 (Tex.Cr.App.1977); *West v. State,* 511 S.W.2d 502 (Tex.Cr.App. 1974); *Fields v. State,* 500 S.W.2d 500 (Tex. Cr.App.1973); *Hill v. State,* 480 S.W.2d 670 (Tex.Cr.App.1972); *Williams v. State,* 439 S.W.2d 846 (Tex.Cr.App.1969). The record reflects that the trial court conducted a brief examination of each child as to her age, grade in school, understanding of the proceedings, understanding of the difference between truth and deception and understanding of her duty to tell the truth, before ruling on her competence.

In addition to the answers given in each preliminary examination, a review of each of the children's entire testimony reveals no abuse of discretion in the trial court's determination that each was competent to testify. *Clark v. State, supra; West v. State, supra; Fields v. State, supra; Jundt v. State,* 164 Tex.Cr.R. 437, 300 S.W.2d 73 (1957); *Hines v. State,* 160 Tex.Cr.R. 284, 268 S.W.2d 459 (1954). The first ground of error is overruled.

█ In his second ground of error, the appellant contends that the trial court erred

---

1. Section 21.11 provides:
   (a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex he:
   \*    \*    \*    \*    \*    \*
   (2) exposes his anus or any part of his genitals, knowing the child is present, with intent to gratify the sexual desire of any person.

2. Article 38.06, supra, provides in relevant part:

   All persons are competent to testify in criminal cases except the following:
   \*    \*    \*    \*    \*    \*
   2. Children . . . who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath.

in overruling appellant's objection to the testimony of his wife, as the record shows that such testimony was not voluntary within the meaning of Article 38.11, V.A.C. C.P.[3] A review of Mrs. Garcia's testimony reveals that she was not subpoenaed, but merely advised to appear for trial. She further stated that she testified because she wanted to and that her testimony was voluntary, of her own free will, and not the result of any threat, force or coercion. At the close of the trial, the court explained to the witness the import of Article 38.11, supra, and inquired of her whether her "testimony in this trial [had] been voluntary," to which inquiry she replied in the affirmative. Ground of error number two is without merit and is overruled.

However, in regard to this second ground of error it is noticed that there is unassigned error which must be considered. When Mrs. Garcia was called as a witness by the State, it appears that the appellant's counsel asserted the privilege provided by Article 38.11, supra, and objected to her testimony. This objection was overruled. The objection was not based upon the fact that she was not "a voluntary" witness, but rather upon the assertion of the privilege afforded by Article 38.11, supra. Even though there was an objection we note in passing that the past decisions of this Court have indicated very strongly that the disqualification of a spouse as an adverse witness may not be waived. *Johnigan v. State,* 482 S.W.2d 209 (Tex.Cr.App.1972); see also *Burns v. State,* 556 S.W.2d 270 (Tex.Cr.App. 1977). Therefore, the question of whether or not Mrs. Garcia's testimony was voluntary is not dispositive of the issue if she was disqualified as a witness in this case. It appears that the question which must be resolved is whether or not this case falls into the category of the exception created by Article 38.11, supra, providing that a husband or wife may voluntarily testify against the other "in any case for an offense *involving* any grade of assault or violence committed by one against the other or against any child of either under 16 years of age . . ." [Emphasis added.]

It appears that the question of whether an offense "involves" any grade of assault does not depend upon the allegations in the charging instrument but must be determined from the facts and circumstances in the particular case. As was noted in *Tew v. State,* 551 S.W.2d 375 (Tex.Cr. App.1977), an allegation that a prior felony conviction for burglary involved an act of violence was not dependent upon the allegations in the indictment, but rather upon the proof in the facts of the case. See also *Powell v. State,* 538 S.W.2d 617 (Tex.Cr. App.1976). Since it appears that we are not bound by the allegations in the charging instrument to determining whether or not the case involves "any grade of assault or violence," we must determine that issue from the facts presented. As was previously noted, the complainant, appellant's 13 year old daughter, testified that the exposure involved in this case occurred when appellant forced the complaint to masturbate him. This testimony outlines a fact situation which would constitute an assault under V.T.C.A. Penal Code, Section 22.01 which provides in part:

"(a) A person commits an offense if he:

\* \* \* \* \* \*

(3) intentionally or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative."

3. Article 38.11, V.A.C.C.P. provides:
[A] husband and wife may, in all criminal actions be witnesses for each other, but except as herein provided, they shall in no case testify against each other in a criminal prosecution. However, a wife or husband *may voluntarily testify* against each other in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under 16 years of age, or in any case where either is charged with incest of a child of either, or in any case where either is charged with bigamy, or in any case where either is charged with interference with child custody, or in any case where either is charged with nonsupport of his or her spouse or minor child. [Emphasis supplied.]

**16**

Even though this conduct would only be a Class C misdemeanor under the provisions of Section 22.01, supra, it is also clear that the instant case is one "involving" a grade of assault committed by the appellant against the child of the witness who was under 16 years of age. Therefore, we conclude that the wife was a competent witness in this case.

In appellant's third ground of error he alleges that the trial court erred in permitting the testimony by appellant's 12 year old daughter and his 16 year old daughter "which was repetitious, immaterial, irrelevant and inflammatory in regard to the offense [with] which appellant was charged." It appears from his brief that appellant's complaint is directed at testimony given by these witnesses regarding extraneous offenses committed by the appellant. Their testimony reflects that appellant committed similar acts to them as described by the complainant. Though appellant's objection at the trial to the testimony of the 12 year old daughter comports with his ground of error, the objection was not made until after the State's direct examination of the witness was completed. Objection must be made at the first opportunity to be considered timely. *Granviel v. State,* 552 S.W.2d 107 (Tex.Cr.App.1976); *Lopez v. State,* 535 S.W.2d 643 (Tex.Cr.App.1976).

Even if the objection had been timely, as it was in the case of the testimony from the 16 year old daughter, it was not specific enough to inform either the trial court or opposing counsel that the complaint went to extraneous offenses for which appellant was not then on trial, and was insufficient to preserve the question for review. *Zillender v. State,* 557 S.W.2d 515 (Tex.Cr.App.1977).

Furthermore, even if the matter were preserved for review, prior authorities of this Court authorize the introduction of such testimony as that complained of in order to put the testimony of the thirteen year old daughter in its proper perspective. The testimony of the three other daughters about which the appellant now complains

was admissible for the purposes of illustrating appellant's guilty knowledge, *McDonald v. State,* 513 S.W.2d 44 (Tex.Cr.App.1974), his unnatural attention toward the complaining child witness, as well as the probability of the act. *Johnston v. State,* 418 S.W.2d 522 (Tex.Cr.App.1967).

There being no reversible error presented, the judgment of the trial court is affirmed.