**Zebedee YOUNG, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58668.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 6, 1980.

Rehearing Denied Sept. 10, 1980.

Michael W. Hubbard, Tyler, for appellant.

Timothy D. Eyssen, Dist. Atty. and Donald E. Maxfield, Asst. Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

OPINION

DOUGLAS, Judge.

The conviction is for aggravated assault. A prior conviction was alleged for enhancement. The jury assessed punishment at fifteen years.

The sole contention of appellant is that the court erred in allowing appellant's wife, Sandra Gould, to testify against him contrary to Article 38.11, V.A.C.C.P. The evidence is uncontradicted that appellant drove his Ford automobile into a Volkswagen automobile occupied by Tommy Gould, Louis Graigo and appellant's wife. When the appellant's wife was called, a hearing was held outside the presence of the jury. The State admitted, and it was proved, that the witness was the wife of appellant. The prosecutor contended that since appellant's wife was injured in the collision she could testify in this case against him. The indictment in the case

did not allege that she was injured but alleged that Tommy Gould, her brother, was injured. The prosecutor also contended that her testimony would be proper because what occurred to her would be res gestae of the offense.

The witness testified that she was legally married to appellant, that she was in the automobile at the time of the collision and that she was injured, and that she went to the hospital as a result of the injuries.

Article 38.11 provides, in part, as follows:

"Neither the husband nor wife shall, in any case, testify as to communications made by one to the other while married. . . . The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution. However, a wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under 16 years of age, or in any case where either is charged with incest of a child of either, or in any case where either is charged with bigamy, or in any case where either is charged with interference with child custody, or in any case where either is charged with nonsupport of his or her spouse or minor child."

The exception in the statute that a spouse may testify against another for injuries committed against the other does not apply in this case because the wife was not the injured party in the case being tried.

The rule that a wife may not be called to testify against her husband was recognized in *Burns v. State*, 556 S.W.2d 270 (Tex.Cr. App.1977). In *Johnigan v. State*, 482 S.W.2d 209 (Tex.Cr.App.1972), the judgment was reversed because the wife was called to testify against her husband. That case noted that even though a wife did not testify the mere calling of her as a witness in front of the jury and causing the defense to make an objection was reversible error.

The cases of *Stevens v. State*, 522 S.W.2d 924 (Tex.Cr.App.1975), *Shirley v. State*, 501 S.W.2d 635 (Tex.Cr.App.1973), and *Newby v. State*, 384 S.W.2d 133 (Tex.Cr.App.1964), are not in point because the defense had called the spouse to testify and later the defense objected that the cross–examination went beyond the scope of the direct examination and was violative of Article 38.11, V.A.C.C.P., (and its predecessor). The Court held that only new and incriminating evidence brought out through the testimony of the spouse on cross–examination would constitute reversible error.

Because the State called the wife as a witness, who testified against appellant, the judgment is reversed and the cause remanded.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

Because the State urged strongly that the panel opinion in this cause misconstrued certain language providing an exception to the statutory prohibition that spouses "shall in no case testify against each other in a criminal prosecution," Article 38.11, V.A.C. C.P., and claimed that the earlier panel opinion in *Garcia v. State*, 573 S.W.2d 12 (Tex.Cr.App.1978) supported its submission, we granted the motion for leave to file. Now, having carefully examined and considered the contention and the opinion in *Garcia v. State*, supra, we find that the State has missed the target by drawing a bead on the wrong point, that what *Garcia* decided is not the issue here and, therefore, the motion for rehearing is wide the mark.

The exceptional situation at issue is circumscribed by that part of Article 38.11, supra, which reads:

". . . However, a wife or husband may voluntarily testify against each other in any *case* for an offense *involving* any grade of assault or violence *commit-*

ted *by one against the other* or
. . ." [1]

The exceptional situation at issue in *Garcia,*
supra, however, was the very next one in a
train of others, viz.: "or against any child
of either under 16 years of age," *id.,* at 14.
The dispositive question that the Court it-
self raised and considered in the interest of
justice was whether the alleged act of inde-
cency with a child is "an offense *involving*
any grade of assault . . . committed
by one [spouse] . . . against any child
of either under 16 years of age . . ."
[Emphasis added in original.] The Court
found that the testimony "outlines a fact
situation which would constitute an as-
sault" under a specified statute "against
the child of the witness" and, therefore,
"the wife was a competent witness," *Garcia,*
supra, at 15–16. We have no occasion to
disturb that finding and conclusion, for our
issue is manifestly different.

 What must be looked to here is not
the "involving" feature of the statute; cer-
tainly the instant offense involved an as-
sault for appellant drove his automobile
into a smaller car and thereby, the indict-
ment avers, did "threaten imminent bodily
injury to Tommy Lee Gould," an occupant
of the car along with wife of appellant and
one other. Plainly and simply, this is not a
"case for an offense . . . committed
by one [spouse] against the other." Rather
it is a case for an offense allegedly commit-
ted by appellant against Gould. As the
panel correctly perceived, "the wife was not
the injured party in the case being tried."

The State's motion for rehearing is over-
ruled.[2]

1. All emphasis is supplied throughout by the
writer of this opinion unless otherwise indi-
cated.

2. There is a suggestion that because appellant's
wife "voluntarily" testified the exception at is-
sue was applicable. However, as *Garcia v.
State,* supra, at 15, also correctly points out,
"Therefore, the question of whether or not Mrs.
Garcia's testimony was voluntary is not dispos-
itive of the issue if she was disqualified as a
witness in this case." In other words, the mere
willingness of the spouse to testify for the State

is not enough to remove the basic bar to that
testimony; it must be voluntariness *in* an ex-
ceptional *situation.*

Nor, given very different policy considera-
tions, are we persuaded that the federal spous-
al testimonial privilege dealt with in *Trammel
v. United States,* 445 U.S. 40, 100 S.Ct. 906, 63
L.Ed.2d 186 (1980) should now determine our
own, especially since Article 38.11, supra, ap-
pears to receive recurring examination by our
Legislature. See its Historical Note.