Marvin E. WILLARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0051–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 11, 1984.

Rehearing Denied Dec. 31, 1984.

Kenneth E. Houp, Jr., Frank Maloney & Associates, Austin, for appellant.

Travis B. Bryan, III, Sp. Prosecutor for the State of Tex., Youngkin, Catlin, Bryan & Stacy, Bryan, for appellee.

Before BULLOCK, WARREN and JACK SMITH, JJ.

## OPINION

BULLOCK, Justice.

This is an appeal from a jury conviction for the offense of murder and a jury sentence of thirty years' confinement and a $10,000.00 fine.

On December 10, 1982, Jean Willard, appellant's estranged wife, and the victim, who was Mrs. Willard's adult daughter, went together to appellant's house in order to remove some of Mrs. Willard's property. Mrs. Willard testified at trial that when they arrived at the house, appellant physically attacked both of them, striking them with his hands and feet and several heavy objects. She then testified that appellant left the house, took a .357 magnum pistol from among the many firearms he kept at his house and in his car, and shot and killed the victim. Mrs. Willard also testified that appellant then abducted her in an attempt to escape to Mexico, while his adult children stayed on the premises. It was the state's position that appellant's family then altered the crime scene to make it appear that appellant had killed the victim in self-defense.

Law enforcement officials found the victim's body by her truck with a sawed-off shotgun lying approximately 3½ feet away. Mrs. Willard testified at trial that the shotgun had not been in the possession of the victim, that it was one of appellant's weapons, that he routinely kept it in the house, and that she and the victim had parked the truck in a different location when they arrived at the property. During a second search of the premises, made without a search warrant but with the permission of appellant's adult son, law enforcement officials found dried blood, identified as the

victim's, in the spot where they had originally found the truck. The state contended from this evidence that appellant's family had moved the victim's body and the truck after the shooting as part of their scheme to bolster appellant's claim of self-defense.

The jury evidently disregarded appellant's claim of self-defense and convicted appellant.

Appellant presents four grounds of error on this appeal:

(1) That the trial court improperly allowed Mrs. Willard to testify before the jury;

(2) That the trial court improperly excused a prospective juror on its own motion;

(3) That the trial court improperly charged the jury regarding the murder; and

(4) That the trial court improperly admitted evidence obtained as the result of an illegal search of appellant's property.

■ Appellant contends that, because Mrs. Willard had not obtained a decree of divorce at the time of trial, she was by statute incompetent to testify against appellant. Appellant objected to the state's attempt to use Mrs. Willard as a witness against him, but the trial court allowed her testimony. The state contends that, given the facts of this case, Mrs. Willard was competent to testify at trial.

Neither husband or wife shall, in any case, testify as to communications made by one to the other while married. Neither husband or wife shall, in any case, after the marriage relation ceases, be made witnesses as to any communications made while the marriage relation existed except in a case where one or the other is on trial for an offense and a declaration or communication made by the wife to the husband or by the husband to the wife goes to extenuate or justify the offense. The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution. *However, a wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under sixteen (16) years of age, or in any case where either is charged with incest of a child of either, or in any case where either is charged with bigamy, or in any case where either is charged with interference with child custody, or in any case where either is charged with non-support of his or her spouse's minor child* [emphasis supplied].

Tex.Code Crim.Proc.Ann. art. 38.11 (Vernon 1981). Article 38.11 does create, as appellant suggests, a disqualification for a spouse when that spouse seeks to testify against his or her mate. However, we do not agree with appellant that this disqualification is absolute; quite the contrary, Article 38.11 expressly limits this disqualification. The question in the instant case is whether the situation demonstrates that appellant committed an offense involving an assault or violence against Mrs. Willard.

Appellant contends that the facts of this case do not establish such assault and urges us to rule that Mrs. Willard's testimony was incompetent on the basis of *Young v. State*, 603 S.W.2d 851 (Tex.Crim. App.1980). The focus of appellant's argument is that, since the state did not charge appellant with any kidnapping or attempted kidnapping of his wife, or with any physical assault upon her, it could not at trial present testimony by Mrs. Willard of the events surrounding the victim's killing. The state contends that the events surrounding this killing establish clearly that appellant committed a violent assault upon his wife, and that the circumstances of this homicide so clearly tie together that assault and the actual killing of the victim that, despite the absence of a formal charge regarding the assault against Mrs. Willard, she was competent to testify against appellant under the standard set forth in *Garcia v. State*, 573 S.W.2d 12, 15

(Tex.Crim.App.1978). We agree with the state.

The determination of this ground of error requires that we evaluate and attempt to reconcile, insofar as it is possible for us to do so, what appears to be an inconsistency in the interpretation of Article 38.11 created by these two cases. In *Garcia v. State*, the defendant appealed a conviction for indecency with the sixteen-year-old child of the witness spouse. At trial, the spouse testified to other acts of sexual misconduct with the couple's minor children that the children themselves had already testified to. In overruling the defendant's claim that the spouse should have been incompetent to testify under Article 38.11, the Court of Criminal Appeals rejected the contention that such testimony is competent only if going to offenses charged in the indictment, stating:

> [T]he question of whether an offense "involves" any grade of assault does not depend upon the allegations in the charging instrument but must be determined from the facts and circumstances in the particular case ... Since it appears that we are not bound by the allegations in the charging instrument to determining whether or not the case involves "any grade of assault or violence," we must determine that issue from the facts presented.

*Garcia v. State*, 573 S.W.2d at 15. After noting the testimony the spouse had given, testimony corroborating allegations of other offenses against other children in the household, the Court of Criminal Appeals concluded that, "This testimony outlines a fact situation which would constitute an assault under [the Penal Code]." *Id.* at 15.

In *Young v. State*, the defendant appealed a conviction for aggravated assault, asserting that his wife was not competent to testify against him. The defendant in *Young* had committed the offense by ramming a car driven by another man, but in which his wife was an occupant. The wife apparently suffered some injury in the collision, and the state argued that such injury allowed her to testify against her hus-

band, notwithstanding the fact that the state charged the defendant only with the aggravated assault against the other man in the automobile, and did not mention the wife's injuries in any manner in the indictment. The Court of Criminal Appeals held that the wife was incompetent to testify under Article 38.11. In its opinion on the state's Motion for Rehearing, the Court expressly declined to apply the test set forth in *Garcia v. State*, stating:

> The exceptional situation at issue in *Garcia, supra,* however, was . . . 'or against any child of either under 16 years of age' . . . The dispositive question . . . was whether the alleged act of indecency with a child is 'an offense *involving* any grade of assault ... committed ... against any child . . .' [emphasis in the original]

*Young v. State*, 603 S.W.2d at 853.

■ In the instant case, it is appellant's position that *Young* effectively displaces *Garcia* regarding the test for whether a spouse may testify under the "assault" exceptions to Article 38.11. In appellant's view, it is the indictment and the indictment alone that determines a spouse's competence to testify under this provision of the Code of Criminal Procedure. The state contends that the basic test established in *Garcia*, that of looking at the entire facts of the case, is still valid; under that test, the state claims, the events of December 10, 1982 clearly show that appellant engaged in violent criminal behavior against his wife, both prior and subsequent to his killing of the victim, sufficient to make his wife a competent witness against him. We agree with the state's interpretation of the two foregoing cases.

We note, first, that nothing in *Young* holds the basic test, that of looking to the total circumstances of the events, has become altered in any manner since the Court of Criminal Appeals espoused it in *Garcia;* on the contrary, it appears that, in *Young,* there were not enough facts to establish that the spouse's testimony was permissible under Article 38.11, while in *Garcia* those facts engendering permissibility did

exist in the record. It may be true that the facts did exist in *Young*, and that the Court of Criminal Appeals has decided that the standard in *Garcia* was overly broad, or for some other reason inappropriate. If this is the case, then we feel it is for that court to resolve any conflict between these cases. For the instant case, however, we find nothing in *Young* that would compel us to discard the standard in *Garcia*.

We note, secondly, that the opinion delivered by the Court of Criminal Appeals in *Young v. State* is almost devoid of facts describing the events surrounding the defendant's commission of and conviction for the offense charged and is equally silent regarding the wife's testimony, while that of *Garcia v. State* gives considerable detail of the spouse's testimony and the circumstances surrounding the defendant and his family. This strengthens our conclusion that the *Garcia* standard remains operative, and that it was a substantial difference in either the quantity or nature of the factual material in *Young* that led the Court of Criminal Appeals to its conclusion.

■ Thus, we view the witness' testimony in the instant case in light of the standard established in *Garcia v. State*. Considering the testimony in that light, we conclude that Mrs. Willard testified to assault, aggravated assault, and aggravated kidnapping committed against her by appellant. All of these actions are offenses proscribed by our criminal statutes, and all are of their very nature violent offenses. Tex. Penal Code Ann. Sections 22.01, 22.02, and 20.04 (Vernon 1981). Clearly, therefore, Mrs. Willard presented testimony on the stand that depicted offenses committed by appellant involving assaults upon her. Moreover, since her testimony about these offenses was an integral part of the total circumstance that occurred on December 10, 1982, we hold that this testimony was proper to present the jury with the res gestae of the offense. See, e.g., *Butler v. State*, 645 S.W.2d 820, 824 (Tex.Crim.App. 1983).

Since the evidence presented by Mrs. Willard demonstrated appellant's unjustifiably violent and lethal conduct upon herself and the victim, we agree with the state that Mrs. Willard's testimony described the violent, criminal transactions that surrounded appellant's murderous act. We therefore overrule appellant's first ground of error.

During voir dire, questions by the prosecutor to a specific juror established clear bias by that prospective juror in favor of appellant. The juror acknowledged that he was a close friend of appellant, and that he could not in good conscience convict appellant or give an objective verdict in the case. Having heard this testimony, the trial court excused the juror from further service without a challenge for cause by the state. Appellant's counsel raised the objection "to the cause."

■ Appellant claims that this sua sponte dismissal of the juror constituted reversible error. The state counters that appellant failed to preserve this question for review because of the imprecise objection raised at trial. We agree with the state.

The examination and cross-examination of this prospective juror created the impression that the juror was biased in favor of appellant and therefore disqualifiable under Tex.Code Crim.Proc. art. 35.16(a)(9); it was also arguable that the juror could overcome his bias and still be an effective juror. Thus, the response of appellant's counsel to the trial court's sua sponte dismissal of the juror is open to at least two interpretations. By objecting "to the cause," appellant's counsel was objecting in equal likelihood either to the trial court's action in dismissing the juror without waiting for a challenge for cause, or to the trial court's dismissal of the juror at all, appellant's claim being that the examination of the juror did not reveal a basis for disqualifying under art. 35.16.

■ Appellant's counsel made a vague objection equally susceptible to two different and dissimilar interpretations. An objection on appeal must comport with that raised at trial or the defendant waives er-

ror. *Graham v. State,* 546 S.W.2d 605, 608 (Tex.Crim.App.1977).

We overrule appellant's second ground of error.

The trial court charged the jury as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of December, 1982, in Burleson County, Texas, the defendant, Marvin Willard, did then and there intentionally or knowingly cause the death of an individual, Lynn Pinyozy, by shooting her with a firearm, as alleged in the indictment, and that the defendant, in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause, or did then and there intentionally, intending to cause serious bodily injury to an individual, Lynn Pinyozy, commit an act clearly dangerous to human life, to wit, by shooting the said Lynn Pinyozy, with a firearm as alleged in the indictment, and that the defendant, in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of murder.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of murder and proceed to consider the next paragraph of this charge.

The next paragraph of the charge was a proper charge to the jury regarding voluntary manslaughter.

Appellant's position on appeal is that the trial court should have presented this charge to the jury in separate paragraphs; it is appellant's belief that the paragraph, as phrased, allowed the jury to split its vote between murder by intending to kill and murder by intending to cause serious bodily injury such that the twelve individuals who comprised the jury needed only to agree that appellant had done something intentionally. This, appellant contends, was fundamental error. We disagree.

A person commits [murder] if he:
(1) intentionally or knowingly causes the death of an individual; [or]
(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life but causes the death of an individual.

Texas Penal Code Ann. art. 19.03(a)(1)–(2) (Vernon 1981).

The record reflects that the trial court properly applied the law to the facts of the case, and that it required the jury to find all necessary elements of the offense beyond a reasonable doubt, in order to convict appellant. The charge did not permit the jury to convict appellant of murder by considering jointly instead of separately different means of killing the victim, nor did it permit the conviction after joint consideration of different offenses. Thus, we conclude that this charge was proper. See *Riley v. State,* 658 S.W.2d 818 (Tex.Crim. App.1983).

Even if this charge was defective, though, we note that any impropriety was not, as appellant claims, fundamental. Thus, appellant's failure to object to the charge waived any issue on appeal. *Archie v. State,* 615 S.W.2d 762, 766 (Tex. App.1981). We overrule appellant's third ground of error.

Appellant contends in his fourth and final ground of error that law enforcement authorities entered the property for their second search without having secured a search warrant, and that the trial court should therefore have excluded any evidence obtained during that search.

This ground of error is without merit, since the record clearly establishes that the authorities, before entering the property, secured the permission of appellant's adult son, who was living on the property and had equal control over and use of the premises. Appellant's son thus had ample authority to give the officers permission to search the premises without a warrant. *Swinney v. State,* 529 S.W.2d 70 (Tex. Crim.App.1975). Appellant being unable to point to any other action by the authorities during this search that was improper, we

hold that the search was proper, and over-rule appellant's fourth ground of error.

The sequence of events in this case demonstrates that appellant engaged in a violent assault upon his estranged wife, and that Mrs. Willard's testimony was also necessary in order for the jury to understand the sequence of events surrounding the murder.

We overrule the appellant's grounds of error and affirm the judgment of the trial court.

JACK SMITH, J., dissents.

JACK SMITH, Justice, dissenting.

I respectfully dissent. The majority opinion attempts to distinguish the instant case from the holding of the Texas Court of Criminal Appeals in *Young v. State*, 603 S.W.2d 851 (Tex.Crim.App.1980). Although the reasoning set forth by my brethren is persuasive, I am not persuaded.

The issue in *Young* and the instant case is identical; that is, may a wife be called to testify against her husband when she is not the injured party being tried?

In *Young*, the Court of Criminal Appeals, in its original opinion and in its opinion on motion for rehearing, emphasized that the wife could not testify against her husband because "The exception in the statute [Art. 38.11] that a wife testify against another [spouse] for injuries committed against the other [spouse] does not apply in this case because the wife was not the injured party in the case being tried." *Young* at 852 and 853.

In the instant case, the appellant was being tried for the murder of his wife's daughter; his wife was not the injured party. The record reflects that the wife was attacked, shot at, and kidnapped in the course of events that occurred when her daughter was murdered. Although it seems grossly unjust, under the facts of this case, not to permit the appellant's wife to testify against him, Art. 38.11, Tex.Code Crim.P. prohibits such testimony. It is the prerogative of the legislature to add further exceptions to Art. 38.11, not the courts.

I do not believe that the facts of this case are distinguishable from *Young*. I would sustain appellant's ground of error one, and hold that the trial court erred in admitting appellant's wife's testimony. I would reverse and remand.