**Perfecto ZAMORA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–84–0177–CR.**

Court of Appeals of Texas, Amarillo.

May 16, 1985.

Carlton McLarty, Lubbock, for appellant.

Jim Bob Darnell, Dist. Atty., Ruth Cantrell, Asst. Dist. Atty., Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Perfecto Zamora brings this appeal from his conviction of assault by causing bodily injury to Yolanda Garza and the consequent court-assessed punishment of twenty days confinement in the Lubbock County Jail and a fine of $150.

In one ground, appellant asserts that the trial court reversibly erred in allowing his wife to testify as a State's witness. We agree and are thereby compelled to reverse the judgment of conviction and remand the cause for new trial. Because of the nature of appellant's attack and the State's reply thereto, we must briefly review the testimony in question.

Juana Zamora, the wife of appellant, testified that she had driven her mother's car to pick up Yolanda Garza, Juana's daughter and the complainant in this case. Yolanda was employed at the Cactus Inn, a Lubbock bar. When Juana arrived at the bar, she parked the car across the street and waited for Yolanda. Appellant was in

the bar and, as he left, saw Juana in the car. He went to the car and, after first hitting the car, told Juana she should not be there, grabbed her by the hair and started hitting her. Yolanda came out of the bar and got in the car. Appellant told them he wanted a ride home. After some discussion, he was given a ride. Yolanda was driving. After getting in the car, appellant again hit Juana, whereupon Yolanda stopped the car at a store and attempted to call the police. As Yolanda was walking toward the telephone, Juana testified, appellant assaulted Yolanda with a brake shoe he found in the back seat of the car. Juana also said that after appellant's assault on Yolanda, Yolanda ran to summon aid, whereupon appellant again began beating Juana.

Appellant's objection to Juana's testimony was properly preserved. Therefore, we are required to determine whether the circumstances of this case are sufficient to bring it within any exception to the general rule that a wife cannot testify against her husband. Tex.Code Crim.Proc.Ann. art. 38.11 (Vernon 1979). We conclude they do not and, accordingly, must reverse the conviction and remand the cause for new trial.

Article 38.11 provides in part as follows:

Neither husband nor wife shall, in any case, testify as to communications made by one to the other while married.... The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution. However, a wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under 16 years of age, or in any case where either is charged with incest of a child of either, or in any case where either is charged with bigamy, or in any case where either is charged with interference with child custody, or in any case where either is charged with nonsupport of his or her spouse or minor child.

The provisions of this article have been rather rigorously applied in this State. Indeed, our Court of Criminal Appeals has held that the disqualification of a spouse as an adverse witness may not be waived, *Johnigan v. State*, 482 S.W.2d 209, 210 (Tex.Crim.App.1972), and it is reversible error for the State to call a defendant's wife to the stand, thereby forcing that defendant to object in the presence of the jury. *Id.* at 210–11; *Wall v. State*, 417 S.W.2d 59, 63 (Tex.Crim.App.1967). Moreover, in interpreting the provision that spouses "may voluntarily testify against each other in any case ... involving any grade of assault or violence committed by one against the other," the Court of Criminal Appeals has determined that the spouse must be the actual complainant in the case being tried. *Young v. State*, 603 S.W.2d 851, 852 (Tex.Crim.App.1980).

It is undisputed in this record that Juana Zamora was the wife of appellant at the time here in question. It is also uncontradicted that Yolanda Garza was over the age of 16 years at that time. However, the State urges that the reason appellant assaulted Yolanda was to stop her from summoning aid to stop appellant from beating his wife. Therefore, it reasons, the real nature of the offense was directed toward Yolanda's mother, the wife of appellant. It would distinguish *Young* because in that case the defendant's injury to his wife was only incidental to his main objective of injuring that complainant. In support of its contention, it cites the holding of the court in *Garcia v. State*, 573 S.W.2d 12 (Tex. Crim.App.1978).

In *Garcia*, the defendant was charged with the offense of indecency with a child and although defendant's wife testified as a witness for the prosecution, the conviction was affirmed. In that case, the question presented was whether or not the case fell within the exception contained in article 38.11 permitting the testimony of a spouse in situations involving any grade of assault or violence committed by the other spouse against any child of either under 16 years

of age. That question is not presented in this case.

In *Young,* the defendant was charged with an assault made when he drove his automobile into one occupied by the complaining witness and the wife of the defendant. In that case, the State also argued that the wife's testimony was admissible because the facts showed she suffered an injury in the assault and thus the offense "involved" an assault against her. The court disposed of that argument by noting that the charge named another injured party and, therefore, "Plainly and simply, this is not a 'case for an offense ... committed by one [spouse] against the other,'" *Young v. State,* 603 S.W.2d at 853, and held that the admission of the spouse's testimony was reversible error.

■ We are aware of the recent decision of the court in *Willard v. State,* 682 S.W.2d 686 (Tex.App.—Houston [1st Dist.] 1984, no pet.). However, article 38.11 establishes the general rule that one spouse may not testify against another. The only exceptions to that general rule are those specifically set forth in the statute, *i.e.,* cases (1) involving an assault or violence by one spouse against the other or a child of either under 16; (2) where either spouse is charged with incest of a child of either; (3) where either spouse is charged with bigamy; (4) where either spouse is charged with interference with child custody or (5) where either spouse is charged with nonsupport of the other spouse or of a minor child.

The record is clear that none of these exceptions exist in the case at bar. The facts in *Young* and in this case are analogous. Therefore, we must reverse the conviction in this case and remand the cause for new trial.