**Eugene H. VELASQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00304–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 27, 1985.

Richard Langlois, San Antonio, for appellant.

Sam Millsap Jr., Daniel Thornberry, Crim. Dist. Attys., Karen Amos, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a jury conviction for murder. TEX.PENAL CODE § 19.02 (Vernon 1974). The court assessed punishment at life imprisonment after appellant plead true to an enhancement allegation. TEX.PENAL CODE § 12.42(c).

Appellant's sole ground of error alleges that the State committed reversible error by calling appellant's wife, Diamantina Covarrubia, as its witness at trial, in violation of TEX.CODE CRIM.PROC.ANN. art. 38.-11 (Vernon 1979). We sustain appellant's contention and remand the case for a new trial.

Article 38.11 provides in pertinent part:

Neither husband nor wife shall, in any case, testify as to communications made by one to the other while married.... The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, *they shall in no case testify against each other in a criminal prosecution.* However, a wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under 16 years of age, ... (emphasis added)

Undisputed evidence at trial established that Diamantina Covarrubia was the wife of appellant both at the time of trial and at the time of the murder. Appellant made no objection to his wife having been called to testify by the State, nor to her testimony.

Covarrubia testified that on the 29th day of January, 1984, she was at a dance with the deceased, Hector Frometa. After the dance, Frometa drove Covarrubia to her home at 100 Violetta in San Antonio. Frometa and Covarrubia were sitting in Frometa's parked car talking when appellant approached the vehicle and shot Frometa in the head several times. Appellant also shot at Covarrubia, hitting her in the left hip.

The State also called Covarrubia's neighbor, Delia Rodriguez, to testify. Rodriguez testified that she heard gunshots, and observed appellant reloading his gun near the trash dumpster. Appellant told Rodriguez he had shot Frometa, and took her to see the body. According to Rodriguez, appellant then shot Frometa again, and threatened Rodriguez when she attempted to take the gun.

When appellant was arrested several days later, the police found a hand gun and several rounds of ammunition in his pockets. Tests of the weapon and of the bullets recovered from the deceased's body established that the gun found on appellant was used to kill Frometa.

The State contends that in light of the evidence other than the testimony of Covarrubia, introduction of her testimony without objection constituted harmless error. The appellant argues that the disqualification of a spouse as an adverse witness cannot be waived.

■ Article 38.11 limits testimony by one spouse against the other to criminal cases wherein the defendant is accused of a crime against the witness spouse, and other limited exceptions involving inter-family crimes. In other criminal proceedings, the spouse is incompetent to testify adversely at trial. *Johnigan v. State,* 482 S.W.2d 209 (Tex.Crim.App.1972). It is reversible error to call the defendant's spouse as a witness so that the defendant would be required to object. *Stewart v. State,* 587 S.W.2d 148 (Tex.Crim.App.1979). Thus, appellant's failure to object is irrelevant.

■ The State argues that because appellant's wife was involved in the murder as a victim herself, the case is one "for an offense involving any grade of assault or violence committed by one [spouse] against the other." Thus, the State contends that Covarrubia was competent to testify under the exception provided in Article 38.11.

In *Young v. State,* 603 S.W.2d 851 (Tex. Crim.App.1980) the court determined that the appellant's wife was not competent to

testify against her husband in a proceeding involving an assault against a third party. The appellant in *Young* had run into the third party's car while appellant's wife and the third party were in it. The appellant was charged only with an assault upon the third party. The State in *Young* argued that this was a case of an offense involving assault against the spouse. The Court of Criminal Appeals disagreed and in its opinion on the State's Motion for Rehearing stated:

> What must be looked to here is not the "involving" feature of the statute; certainly the instant offense involved an assault where appellant drove his automobile into a smaller car and thereby, the indictment avers, did "threaten imminent bodily injury to [the third party]." Rather it is a case for an offense allegedly committed by appellant against [the third party]. As the panel correctly perceives, "the wife was not the injured party in the case being tried."

*Id.* at 853.

The State in *Young* asserted that the court in *Garcia v. State*, 573 S.W.2d 12 (Tex.Crim.App.1978) interpreted the language "offense involving any grade of assault or violence committed by one spouse against the other" to require review of all the facts and circumstances surrounding the offense charged to determine whether the spouse was competent to testify. The court in *Young* rejected this contention, stating that "what *Garcia* decided is not the issue here."

*Garcia* involved a father accused of indecency with his child. The defendant's wife was permitted to testify at his trial. The appellate court affirmed and found that in determining whether the offense involved a grade of assault or violence the court would look at the surrounding facts and circumstances of the crime, and not just allegations in the indictment. As indecency with a child is a degree of assault, the spouse was permitted to testify because of the exception in Article 38.11.

*Young* presents facts quite similar to the present case. Although under the standard propounded in *Garcia* the court therein was not limited to allegations in the indictment, it also could not enlarge the exceptions in Article 38.11 to permit appellant's wife to testify where the appellant was not charged with any conduct involving an assault against her. *Garcia* merely permits a court to examine the circumstances to determine if the defendant has been charged with any grade of assault or violence against his spouse or children. *Garcia* did not authorize investigation of the circumstances where the defendant was not charged with a crime against his spouse or family. Consequently, *Garcia* is reconcilable with *Young* in that *Young* involved an assault upon an unrelated party. In such situations, the defendant's spouse is not permitted to testify.

The recent decision in *Zamora v. State*, 692 S.W.2d 161 (Tex.App.—Amarillo 1985, no pet.) also illustrates the distinction between the *Young* and *Garcia* cases. In *Zamora* appellant was convicted of assaulting his wife's adult daughter. Appellant's wife was also assaulted, but appellant was not charged with this offense. The Amarillo Court discussed *Young* and *Garcia*, and similarly determined that *Garcia* was inapplicable to the *Zamora* situation because as in *Young*, the case did not involve an offense against the spouse.

Although the cases above cited clearly require a reversal of this cause, the State urges us to follow the decision in *Willard v. State*, 682 S.W.2d 686 (Tex.App.—Houston [1st Dist.] 1984, pet. granted). *Willard* similarly involved a conviction for the murder of the defendant's wife's adult daughter. The *Willard* court distinguished *Young* by determining that in *Young* there were not enough facts to find that the defendant's wife had been assaulted. Thus, the *Willard* court looked at the facts of its case, and decided that, although not charged, an offense had been committed against the spouse. Therefore the spouse was permitted to testify.

However, the Court of Criminal Appeals has clearly declined to extend the provisions of Article 38.11 to require review of all the facts and circumstances to determine if an offense has occurred against the spouse where the appellant is not so charged. *See Young, supra; Garcia, supra.* We adhere to the clear holdings of the Court of Criminal Appeals and politely reject the reasoning in *Willard.*

Diamantina Covarubbia was improperly permitted to testify against appellant in this case.

The State's contention that Covarubbia's testimony was harmless in light of the other evidence at trial is also without merit. *Butler v. State,* 645 S.W.2d 820 (Tex.Crim.App.1983), cited by the State in support of its contention, provides only that if the case falls within the exceptions to Article 38.11 testimony by one spouse concerning non-communicative events is not barred. The present case does not fall within any of the exceptions to Article 38.-11, therefore, no testimony from the adverse spouse was admissible.

Error in admitting plainly relevant evidence which possibly influenced the jury adversely to a litigant cannot be labelled harmless error. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The State has the burden of proof to show that the error was harmless beyond a reasonable doubt, that is to say, the error must have made no contribution to the criminal conviction.

Case law clearly calls for reversal without reference to harmless error. But even if we apply the doctrine to this case, we are unable to say that Covarubbia's testimony could not possibly have influenced the jury's verdict.

Appellant's ground of error is sustained, the judgment of the court below is reversed and the cause remanded for a new trial.