IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-137-CR




PAUL STERLING,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 101,321, HONORABLE TOM BLACKWELL, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated assault. 
Tex. Pen. Code Ann. § 22.02 (1989 & Supp. 1991). The district
court assessed punishment, enhanced by two previous felony
convictions, at imprisonment for twenty-five years.

 The victim of the assault was appellant's wife. She
testified that appellant struck her with his fists, a tape
recorder, a brick, and a telephone.

 In his only point of error, appellant contends the
district court erred by permitting his wife to testify against him
over his objection that her testimony violated the confidential
communication privilege. Tex. R. Cr. Evid. Ann. 504(1) (Pamph.
1991). Under this rule, and with certain exceptions we need not
discuss, a person may prohibit the disclosure of a confidential
communication made to his spouse while they were married. 
Appellant argues that conduct constitutes communication within the
meaning of the rule. Thus, appellant contends that his assaultive
conduct was a confidential communication made to his wife that she
could not disclose at trial over his objection.

 Prior to the adoption of the Rules of Criminal Evidence,
the admissibility of spousal testimony in criminal trials was
governed by 1973 Tex. Gen. Laws, ch. 399, § 2(A), at 972. [Tex.
Code Cr. P. Ann. art. 38.11 (1979), repealed effective September 1,
1986]. Under that statute, it was held that the marital
communication privilege applied to utterances and not to acts. 
Carter v. State, 550 S.W.2d 282, 286 (Tex. Cr. App. 1977);
Grundstrom v. State, 456 S.W.2d 92, 93 (Tex. Cr. App. 1970). See
also 1 Ray, Texas Law of Evidence § 436 (3d ed. 1980). (1) There is
nothing in Rule 504(1) to indicate that it was intended to abrogate
that holding, and it has been followed in one reported decision
under the new rule. Freeman v. State, 786 S.W.2d 56 (Tex. App.
1990, no pet.). We hold that appellant's abusive treatment of his
wife was not a confidential communication between spouses under
Rule 504(1). 

 Appellant cites several opinions discussing the propriety
of permitting a spouse to testify to conduct by the other spouse. 
But each of these cases involved the application of the art. 38.11
prohibition on one spouse testifying against the other; the
opinions do not even suggest that the confidential communication
privilege applied. See Velasquez v. State, 727 S.W.2d 580 (Tex.
Cr. App. 1987); Willard v. State, 719 S.W.2d 595 (Tex. Cr. App.
1986); Young v. State, 603 S.W.2d 851 (Tex. Cr. App. 1980); Garcia
v. State, 573 S.W.2d 12 (Tex. Cr. App. 1978); Allen v. State, 761
S.W.2d 384 (Tex. App. 1988, pet. ref'd). The point of error is
without merit.


 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 14, 1991

[Publish] 
1. To say that the privilege extends only to "utterances" is not
strictly correct, as the privilege has been applied to letters and
diary entries. See Ray, supra, and cases there cited. Perhaps it
would be more accurate to say that the privilege applies only to
verbal communication, i.e., communication by means of words.