COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 JACOB LEVI
 HEIRS,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00251-CR
  
 Appeal from the
  
 409th District Court
  
 of El Paso County, Texas
  
 (TC# 20020D00560)
 
 




 

MEMORANDUM
OPINION

Jacob Levi Heirs was charged with
manslaughter and failure to stop and render aid while operating a motor
vehicle.  A jury found Heirs not guilty
of manslaughter, but convicted him for failure to stop and render aid.  It assessed a punishment of five years= incarceration, coupled with a fine
of $5,000.  Heirs appeals the punishment
phase of his trial.  We affirm.

Evidence
at punishment phase








This conviction stems from Heirs= fatal collision with a pedestrian on
June 15, 2001.  During the punishment
phase of Heirs= trial, the State produced evidence
that Heirs had been driving the same vehicle on April 2, 2000, when he was
arrested for DWI.  A DPS trooper had
stopped Heirs for speeding.  Approaching
Heirs= vehicle, the officer detected an
odor of alcohol and Heirs exhibited slurred speech.  The officer conducted field sobriety tests;
horizontal gaze nystagmus (HGN) and walk-and-turn
test which indicated Heirs was drunk.

During the patrolman=s testimony of that night=s events the following statements and
objections transpired:

Q:  Did he [Heirs] do anything abnormal?

 

A:  From the beginning--I wouldn=t say from the beginning--he was very apologetic prior
[to] going to the vehicle [patrol car].

 

Defense
counsel:  I object to any statement post
arrest, Your Honor, unless we test whether or not they=re custodial and those type of protections afforded,
Your Honor.

 

The
Court:  Overruled.

 

Further testimony by the
patrol officer was objected to by defense counsel:

 

Q:  Did he [Heirs] become agitated at one point
while seated in your unit?

 

A:  Yes, sir, he did.  He--

 

Defense
counsel:  Again, I=m going to object to any statements from this
defendant, Your Honor, until we test these potential protections afforded post
arrest.

 

The
Court:  Overruled.

 








The patrolman then testified that Heirs asked to relieve
himself.   Based on Heirs= apparent level of intoxication, the
officer believed if not allowed to do so, Heirs would urinate in the patrol car
and upon himself.  The patrolman stated
that Heirs then asked to pray outside the patrol car.  Upon being told he could pray in the car,
Heirs became violent.  Heirs began
smashing his head into the patrol car window, then into the dashboard,
this resulted in a camera spinning off its mount.  The officer testified to telling Heirs to
cease and that by further smashing his head against the dash might result in
activation of the car=s air bags. 
Eventually, Heirs had to be pepper-sprayed in order to move him into the
back of the vehicle where he could do less damage.

On cross-examination, the defense
explored the procedures used by the patrol officer for the HGN test.  The patrolman agreed with the defense that
the testing was imperfect.  After the
trooper had completed his testimony and been excused from court, the defense
made a motion that evidence of the sobriety test be excluded.  The motion was denied.

Heirs= mother testified on his behalf.  On cross-examination, the prosecutor
attempted to elicit testimony that she told the patrolman at the scene of the
DWI arrest that she would never allow Heirs to use her car again.  Heirs= mother testified that she could not
recall that statement.  She testified
without objection that Heirs had wrecked three cars.

Post-arrest
statements did not result from custodial interrogation








In his first issue on appeal, Heirs
contends that his statements to DPS Trooper James Jones during a previous
arrest for DWI were the product of custodial interrogation which did not comply
with Tex. Code Crim. Proc. Ann. art.
38.22.  Thus, he
argues, it was error for the trial court to admit them.  We disagree.

We review a trial court=s ruling on the admissibility of
evidence for abuse of discretion.  Oles
v. State, 993 S.W.2d 103, 106 (Tex. Crim. App.
1999).  The test for abuse of
discretion is not whether, in our view, the facts present an appropriate case
for the trial court=s action.  Instead, we
determine whether the court acted without reference to any guiding rules and
principles.  Coots
v. Leonard, 959 S.W.2d 299, 301 (Tex. App.--El Paso 1997, no pet.).

During the punishment phase of trial,
Officer Jones testified at length about his arrest of Heirs on April 2,
2000.  His testimony included various
statements Heirs made: he was very apologetic; he requested to relieve himself;
he requested he be allowed to pray. 
Defense counsel objected to these statements Aunless we test whether or not they=re custodial and those type of
protections afforded;@ and Auntil we test these potential protections afforded post
arrest.@ 
Although these objections are not a model of clarity, we conclude they
were sufficient to preserve the complaint that the statements did not meet the
requirements of article 38.22. 
Nevertheless, we find that article 38.22 did not apply because the
statements were voluntarily made, rather than the result of interrogation.








Miranda[1] and Tex. Code Crim.
Proc.Ann. art. 38.22
govern the admissibility of defendant=s statements made as a result of
custodial interrogation.  Rodriguez v. State, 939 S.W.2d 211, 215 (Tex. App.--Austin
1997, no pet.); Morris v. State, 897 S.W.2d 528, 531 (Tex. App.--El Paso
1995, no pet.).  If defendant=s statements do not stem from
custodial interrogation, however, neither Miranda nor article 38.22
requires their suppression.  Morris, 897 S.W.2d at 531. 
Custody exists if a reasonable person would believe that Ahis freedom of movement was
restrained to the degree associated with a formal arrest.@ 
Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim.
App. 1996).  Clearly, Heirs was in
custody at the time he made the statements at issue here.  Thus, the question before us is whether the
statements were elicited in response to interrogation or whether they were
voluntary.

AInterrogation,@ for these purposes, applies to both
express questioning and to any words or actions on the part of law enforcement
that the questioner should know are reasonably likely to elicit an incriminating response.  Jones v. State, 795
S.W.2d 171, 174 (Tex. Crim. App. 1990); Morris,
897 S.W.2d at 531.  The latter
part of this definition focuses on the subjective perception of the suspect
rather than the intent of the questioning officer.  Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct.
1682, 1689 (1980).  Neither Miranda nor article 38.22 mandate exclusion of
statements which are volunteered, whether made in custody or not.  Id. at 299-300, 100 S.Ct. at 1689; Morris, 897 S.W.2d
at 531.








Here, the statements Heirs challenges
were volunteered and thus admissible.  No
questioning by the officer or any actions he took can be construed as
reasonably likely to have solicited Heirs= remarks that he was sorry, that he
needed to urinate, or that he wanted to pray. 
Because all three statements were volunteered, they were properly
admitted and no error is shown.  The
first issue for review is overruled.

Complaint
regarding results of field sobriety tests not preserved

In Heirs= second issue,
he claims that the trial court erred in admitting the results of field sobriety
tests taken during the April 2000 stop for DWI, urging they were not
reliable.  We find that error has not
been preserved on this issue.

Officer Jones testified extensively
about the field sobriety tests he asked Heirs to perform, and Jones= qualifications to perform and
evaluate them.  It was his opinion that
Heirs failed the tests because he was intoxicated.  On cross-examination, defense counsel
questioned Jones regarding how he performed the field sobriety tests.  After Jones testimony had concluded, defense
counsel made the following objection:  AYour Honor, I think the--the
objection is--the motion is this.  Any of
those--any testimony with regard to feel [sic] sobriety tests should be
excluded.@ 
The trial court cut counsel off before he could explain his reasons for
the objection, but we surmise it is based on a theory that the method used to
perform the tests was not reliable. 
Nevertheless, we find his objection and motion to strike were untimely.

Heirs did not object to this evidence
until the witness had finished testifying and had been excused.  His objection and motion to strike came too
late, and no error is preserved for review. 
Garcia v. State, 573 S.W.2d 12, 16 (Tex. Crim. App. 1978). 
Heirs= second issue is overruled.








Hearsay
complaint waived

In his third issue on appeal, Heirs
complains of testimony elicited from his mother, Nova Heirs, urging it was inadmissible
hearsay.  Again  we find that no error has been
preserved.

The State cross-examined Ms. Heirs,
asking about her conversations with Officer Jones following her son=s April 2000 arrest, specifically if
she had told the trooper anything about her son=s driving habits.  Defense counsel objected on hearsay grounds,
but was overruled.  Ms. Heirs responded
she did not recall.  Without further
objection, the following occurred:

Q:  (by the prosecutor) Okay.  Did you tell Officer Jones that you were
never going to allow your son to drive your automobile again?

 

A:  I might have. 
I was pretty angry.  I don=t recall.

 

Q:  Why did you tell Officer Jones that?

 

A:  I=m
sorry.  I really don=t recall.

 

Q:  Okay. 
Could that be the case, though, that you, in fact, told Officer Jones
that you were not going to let your son Jacob drive your automobile anymore?

 

A:  I=ll tell
you right now I get very angry, and I very well could have made that statement.

 

Ms. Heirs then testified, without objection, that Heirs had
been involved in three wrecks, plus the arrest for DWI.








Error in the admission of evidence is
not preserved when the same evidence is admitted elsewhere without
objection.  Gillum v. State, 888
S.W.2d 281, 285 (Tex. App.--El Paso 1994, pet. ref=d).  Here, although Heirs did object to the first
mention of his mother=s conversation with Officer Jones, he did not object when the
prosecutor pursued the line of questioning.  No error was preserved.  Heirs= third issue is overruled.

Conclusion

The trial court=s judgment is affirmed.

 

SUSAN
LARSEN, Justice

November 13, 2003

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)

 











[1]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.
1602, 16 L.Ed.2d 694 (1966).