IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00235-CV

 

In re Arcade Joseph Comeaux

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relator Arcade Joseph Comeaux, a state prison
inmate proceeding pro se, seeks a writ of mandamus against Respondent, the Honorable
William L. McAdams, Judge of the 12th District Court of Walker County, on the
ground that Respondent will not rule on various motions filed by Comeaux in his
pending civil action against the Texas Department of Criminal Justice,
Institutional Division (TDCJ).  Comeaux’s civil action was filed in 2002, over
five years ago.  The trial court initially dismissed it, but the Fourteenth
Court of Appeals (at that time, Walker County was in the appellate district of
the Fourteenth) found that the dismissal was improper and reversed and remanded
the case for further proceedings.  See Comeaux v. Texas Dep’t. Crim.
Justice, Inst. Div., No. 14-02-01283-CV, 2005 WL 2978891 (Tex. App.—Houston [14th Dist.] Nov. 8, 2005, no pet.)
(mem. op).

            Comeaux’s mandamus petition generally alleges that
Respondent has refused to proceed with his case in a timely and fair manner. 
Comeaux identifies two motions (a motion to deny defendants qualified immunity
and a motion to transfer venue) and mentions five to six other pretrial motions
that he claims Respondent refuses to rule on.  Comeaux’s mandamus petition also
complains about: the trial court’s alleged practice of using prison guards
during trial proceedings to monitor inmate litigants; the intentional
destruction of evidence by the defendant; the defendant’s refusal to allow
Comeaux to obtain affidavit evidence from other inmates; the prison law library
supervisor’s (Lt. Stambaugh’s) alleged denial of fair access to the prison law
library and its materials.  Comeaux’s petition also includes a motion for the
appointment of an attorney.  Comeaux has not filed a record in support of his
petition.  See Tex. R. App. P.
52.7.  We take these allegations seriously, as we are certain the trial court
does as well.

            We requested a response to Comeaux’s
mandamus petition, and the Attorney General, which represents TDCJ, has filed a
response.  TDCJ asserts that Comeaux’s suit alleges that TDCJ confiscated his
sole writing device, destroyed Comeaux’s legal materials, denied him access to
the prison law library, used unwarranted force against him, retaliated against
him because of his litigation, denied him due process, grossly neglected his
medical problems, and implemented unconstitutional policies.

We will grant mandamus relief if there has been an
abuse of discretion and the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co., 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding);
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A
trial judge has a reasonable time to perform the ministerial duty of
considering and ruling on a motion properly filed and before the judge.  In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig.
proceeding); In re Martinez Ramirez, 994 S.W.2d 682,
683-84 (Tex. App.—San Antonio 1998, orig. proceeding).  But that duty generally
does not arise until the movant has brought the motion to the trial judge’s
attention, and mandamus will not lie unless the movant makes such a showing and
the trial judge then fails or refuses to rule within a reasonable time.  See
Chavez, 62 S.W.3d at 228.

In this proceeding, Comeaux has not shown with a
record that he has brought the various motions to Respondent’s attention. 
Thus, we cannot say that Respondent has abused his discretion, but we are
confident that Respondent will proceed to dispose of Comeaux’s motions and
lawsuit in a timely fashion.[1]  See
In re Nabelek, 2007 WL 416396 (Tex. App.—Waco Feb. 7, 2007, orig.
proceeding) (mem. op. on reh’g).

            We deny the petition for writ of
mandamus and the motion for appointment of counsel.

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray concurs with a note)*

Petition
denied; motion for appointment of counsel denied

Opinion
delivered and filed December 5, 2007

[OT06]

 

*
(Chief Justice Gray concurs with a note, but not a separate opinion, as
follows:  “The proof of service reflects that the petition for writ of mandamus
was never served on the real-party-in-interest or the respondent.

 

The
factual allegations in the petition are not sworn to as required.

 

There
is no record as required to support the allegations regarding what motions, if
any, were filed, when they were filed, or whether there was ever a request for
a setting of any motion for hearing, or the matter for trial.

 

A
staff attorney at the Court determined the petitioner was a pauper and could
proceed without the advance payment of cost without my knowledge or
participation in that determination.

 

A
response was requested by a majority of the Court.  I would not have requested
a response until the foregoing problems were resolved.

 

Now,
because we do not have an adequate record, the mandamus is denied.  I would
have preferred to get to this determination in a procedurally proper posture,
without the foregoing issues, but it is the right determination.

 

I
respectfully concur in only the judgment of the Court which denies the petition
for writ of mandamus.  It should have been denied for the foregoing reasons in
August when it was filed.”)

 









[1]               We acknowledge the burden of pro se
inmate litigation, but as long as a suit satisfies Chapter 14 of the Civil
Practice and Remedies Code, our judicial system must function for such
litigation as it does with any other.  In addition to providing litigants with
their “day in court,” such functioning will render unnecessary original
proceedings such as this one.







      The photographs in this case reflect the wound on the victim's body and the disarray of the
room in which her struggle with Appellant occurred. The photographs depict only the reality of
the crime committed, which was brutal. The trial court entered specific findings for these
exhibits: "The probative value is not outweighed by the prejudicial effect." The trial court did
not abuse its discretion in its finding above and in admitting the complained-of exhibits.
      Point 2 is overruled.
      Point 3: “The trial court erred and abused its discretion in overruling Appellant’s motion for
a mistrial because of the State’s injecting into the trial through its witness a statement which had
previously been ruled subject to a motion in limine and which referred to an extraneous act of
misconduct on the part of Appellant.”
      Eldon woke up about 1:30 a.m. hearing Appellant’s voice and the struggle Appellant was
having with Karen. The State asked Eldon if he heard what Appellant was saying. Eldon replied,
“I do recall him saying I’m going to kick Eldon’s ass.”
      Appellant did not object to the evidence at the time. An objection must be timely to preserve
error. Polk v. State, 729 S.W.2d 749, 751-55 (Tex. Crim. App.. 1987). Appellant did later move
for a mistrial. Appellant had received a ruling on his motion in limine forbiding evidence of
threats against others, but violations of motions in limine do not preserve error on appeal. Garcia
v. State, 573 S.W.2d 12 (Tex. Crim. App. 1978).
      Evidence was overwhelming that Appellant stabbed Karen. There is no substantial possibility
that Eldon’s statement that Appellant said he wanted “to kick Eldon’s ass” could have substantially
swayed the jury. The statement was trivial and if its admission was error, it was harmless. Tex.
R. App. P. 44.2(b); Coggeshall v State, 961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1997).
      Point 3 is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 28, 1998
Do not publish