**Frank William RILEY, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–82–032–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 21, 1983.

M.P. Duncan, III, Denton, for appellant.

Brock Smith, Dist. Atty., Decatur, for appellee.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

OPINION

FENDER, Chief Justice.

Appellant, Frank William Riley, was convicted by a jury of murder and punishment was assessed at 40 years imprisonment. Riley asserts in two grounds of error that the indictment was fundamentally defective and that the trial court erred in not requiring in the court's charge a separate finding by the jury as to each count alleged in the indictment.

We affirm.

■ The indictment charging Riley reads in part:

did then and there intentionally and knowingly cause the death of an individual, Phyllis Sue McGoodwin, by shooting her with a firearm; *Count Two:* And the Grand Jurors of aforesaid do further present in and to said Court that Frank William Riley, on or about the 4th day of December, A.D. 1981, and before the

presentment of this indictment in said County and State, did then and there intentionally, intending to cause serious bodily injury to an individual, Phyllis Sue McGoodwin, commit an act clearly dangerous to human life, to-wit: shoot the said Phyllis Sue McGoodwin with a firearm, thereby causing the death of the said Phyllis Sue McGoodwin; ...

Ground of error one asserts that "Count Two" of the indictment is fatally defective for failure to allege a culpable mental state. Riley argues that there is no culpable mental state coupled with the commission of an act clearly dangerous to human life because the indictment should be read so that "intentionally" modifies the parenthetical clause "intending to cause serious bodily injury to an individual, Phyllis Sue McGoodwin, ..."

This argument flies in the face of logic and the rules of English grammar. A fair reading of the sentence makes it obvious that "intentionally" modifies the commission of an act clearly dangerous to human life. It should not be read to create a redundancy as Riley argues, so that he intentionally intended to cause serious bodily injury. Ground of error one is overruled.

Ground of error two asserts error in the use of a general verdict form in the court's charge because the indictment charged Riley with two "counts" of murder. Riley relies on Tex.Code Crim.Proc.Ann. art. 37.-07, § 1(c) (Vernon 1981) which requires a finding of guilty or not guilty in a separate verdict as to each count or offense submitted to the jury.

Riley's point would be well taken if he had actually been charged with two counts or offenses. Apparently, both the district attorney in preparing the indictment and Riley now are confusing "counts" with "paragraphs." Tex.Code Crim.Proc. Ann. art. 21.24 (Vernon Supp.1982–83) provides:

(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

(b) A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense.

(c) A count is sufficient if any one of its paragraphs is sufficient. An indictment, information, or complaint is sufficient if any one of its counts is sufficient.

A "count" is used to charge an offense and a "paragraph" is a portion or subset of a count charging a method of committing that offense. The instant indictment charges Riley with murder under Tex.Penal Code Ann. §§ 19.02(a)(1) and 19.02(a)(2) (Vernon 1974). It charges one offense but two methods of committing that offense. Therefore, a general verdict was proper under art. 37.07, § 1(c) for the one count charged by the indictment.

The mislabeling in the indictment of the second paragraph as "Count Two" does not change this result. While this court does not look favorably upon such mislabeling by the district attorney and would not hesitate to reverse on that ground in a proper case, it cannot be said that the mislabeling in the instant case could possibly have misled Riley or his attorney as to what was charged. Furthermore, the evidence supports the verdict under either theory alleged and a general verdict is permissible under this circumstance. *Franklin v. State*, 606 S.W.2d 818, 822 (Tex.Cr.App.1978). Ground of error two is overruled.

The judgment is affirmed.