Willie Lee **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–85–610–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 13, 1986.

Discretionary Review Refused
Feb. 18, 1987.

Kenneth W. Sparks, Houston, for appellant.

John B. Holmes, Jr., Roe Morris, Houston, for appellee.

Before SEARS, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Willie Lee Williams appeals from a conviction of aggravated sexual assault, enhanced by one prior conviction, for which the jury assessed a life sentence in the Texas Department of Corrections.

In two points of error appellant argues for a reversal and a dismissal of the indictment because the State failed to properly preserve evidence and because the jury was allowed to return a general verdict to the indictment. We are not persuaded by these arguments and affirm the judgment of the court below.

In point of error one, appellant asserts that the indictment should have been dismissed due to the State's failure to properly preserve evidence capable of establishing appellant's innocence. Specifically, appellant complains that the "rape kit," which included a semen sample obtained from the complainant, was not preserved by refrigeration but rather, was stored at room temperature. Appellant maintains that had the "rape kit" been refrigerated, he may have been able to establish his innocence. We are not persuaded by his argument.

The sexual assault occurred on October 4, 1983. Later that afternoon, a "rape kit" was prepared by hospital personnel. The complainant then brought it to the Houston Police Department and turned it over to Sergeant Gallier. Sergeant Gallier, in turn, passed the kit on to the Crime Lab with the usual instruction to look for hair, blood or semen.

Appellant was arrested on October 6, 1983. Following the arrest, appellant was given the opportunity to submit a sample of hair, semen or blood to be compared with the specimen in the "rape kit." He was not required to submit a sample and consequently, declined to do so. It was explained to appellant that submitting the sample could work in his favor by way of exculpating him of the charge. It is the policy of the Crime Lab to do a blood-typing test on a "rape kit" only if a comparison blood sample is submitted by the appellant.

It is also the usual policy of the Crime Lab to store these "rape kits" at room temperature; these kits will be refrigerated only by specific request. There is nothing in the record to indicate that a request for refrigeration was made by either party.

In April 1984, six months after the "rape kit" had been prepared, a blood-typing test was performed on the semen sample from the complainant's "rape kit." However, the record does not indicate that appellant submitted a comparison sample. The Crime Lab was unable to determine the blood type from the semen sample contained in the "rape kit." Subsequent to the Crime Lab's unsuccessful blood-typing test, appellant filed a pre-trial motion to dismiss the indictment on the basis of the State's failure to properly preserve the semen sample. Evidence was heard and the motion was denied.

In *Garrett v. State*, 682 S.W.2d 301 (Tex. Crim.App.1984), an argument similar to appellant's argument was made. There, the pathologist performed an autopsy on the deceased and, in the process, took vaginal washings of the deceased which revealed the presence of sperm and male prostate secretions. He did not perform a blood-typing test on the sperm and secretions. The appellant contended that "by failing to conduct a test for blood type and by disposing of the vaginal washings, 'the State denied Appellant the opportunity to demonstrate his innocence by showing that the blood type of the prostate secretions in question were of a different blood type from his own.'" *Id.* at 309. The pathologist testified that he was unable to conduct a blood-typing test because he had used up all of the sample taken. *Id.* The court held that there was no factual basis to support appellant's contention that the State withheld any information favorable to appellant. *Id.*

■ Here, we do not find a factual basis to support appellant's contention that the State failed to properly preserve evidence capable of establishing appellant's innocence. There was evidence of several major factors which could have contributed to the failure of the blood-typing test to reveal a blood type through no fault on the part of the State. Moreover, preservation of the sample at room temperature (an acceptable practice) rather than by refrigeration was considered by the chemist to be a minor factor in the failure or success of a blood-typing test. Further, a comparison blood-type sampling could not be completed because the appellant did not give a blood sample. Point of error one is overruled.

In point of error two, appellant complains that the court below committed error in submitting a general verdict form to the jury on a single count indictment of aggravated sexual assault which contained two paragraphs, one paragraph alleging penetration of the complainant's mouth and one paragraph alleging penetration of the complainant's vagina. Appellant maintains that the jury charge should have allowed for a separate finding of guilt for each paragraph. He urges that this error violated his Fourteenth Amendment right to due process and his right to a unanimous jury verdict under Tex. Const. art. V, § 13 and Tex.Code Crim.Proc.Ann. art. 36.29 (Vernon Supp.1986). We disagree.

■ The indictment charged appellant with aggravated sexual assault under Tex. Penal Code Ann. § 22.011(a)(1)(A), (B) 1986), which includes an offense under Tex. Penal Code Ann. §§ 22.011(a)(1)(A), (B) (Vernon Supp.1986). Appellant was merely charged with two methods of committing one offense. Consequently, a general verdict was proper under Tex.Code Crim.Proc. Ann. art. 37.07, § 1(c) (Vernon 1981). *Riley v. State*, 658 S.W.2d 818, 819 (Tex.App. —Fort Worth 1983, no pet.). Moreover, the evidence supports the verdict under either method alleged and a general verdict is permissible under this circumstance. *Franklin v. State*, 606 S.W.2d 818, 822 (Tex.Crim.App.1978); *Riley*, 658 S.W.2d at 819. Point of error two is overruled.

The judgment of the court below is affirmed.