Bruno COLTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–86–192–CR.

Court of Appeals of Texas,
Austin.

Feb. 11, 1987.

Rehearing Denied March 11, 1987.

Walter C. Prentice, Austin, for appellant.

Ronald Earle, Dist. Atty., Laurie Booras, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

PER CURIAM.

A jury found appellant guilty of aggravated sexual assault. Tex.Pen.Code Ann. § 22.021 (Supp.1987). After finding that appellant had been previously convicted of two felony offenses, the jury assessed punishment at imprisonment for 35 years.

In his three points of error, appellant contends the trial court erred by including in its charge to the jury at the punishment stage an instruction on the law of parole pursuant to Tex.Code Cr.P.Ann. art. 37.07, § 4 (Supp.1987). Before reaching the merits of appellant's contentions, we must address the State's assertion that appellant waived any error by failing to object to the charge at trial.

It is a general rule that appellate courts will not consider any error which counsel for the accused could have called,

but did not call, to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court. *Rogers v. State*, 640 S.W.2d 248, 263 (Tex.Cr.App.1982)(opinion on second motion for rehearing). This general rule applies to constitutional questions. *Id.* An exception to this general rule of waiver exists with respect to errors in the jury charge. Such errors may be raised for the first time on appeal, albeit under a more exacting harm analysis if error is found. *Jones v. State*, 720 S.W.2d 535 (Tex.Cr. App.1986); *Almanza v. State*, 686 S.W.2d 157, 160 (Tex.Cr.App.1985) (opinion on rehearing). We hold that the alleged errors of which appellant now complains were not waived by his failure to object to the charge. *Contra, Casares v. State*, 712 S.W.2d 818 (Tex.App.1986, pet. pending).

In his first point of error, appellant contends the trial court erroneously gave the jury the parole law instruction found in art. 37.07, § 4(b), whereas the instruction applicable in this cause is that found in § 4(a). This contention is without support in the record. An examination of the punishment charge discloses that the parole instruction given was that mandated by art. 37.07, § 4(a).[1] Appellant's first point of error is overruled.

In his third point of error, appellant contends the parole instruction mandated by art. 37.07, § 4(a) violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution by suggesting to the jury that the responsibility for determining the appropriateness of the punishment assessed lies elsewhere, thereby diminishing the jury's sense of responsibility in assessing punishment. *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). We are not persuaded by this argument. First, *Caldwell* was a capital punishment case, and the Supreme Court has repeatedly stated that the qualitative difference of death from all other punishments requires a correspondingly greater degree of scrutiny of the capital sentencing determination. Second, we fail to see, and appellant does not suggest in his brief, how the mandatory parole instruction in any way minimizes the jury's role in, or diminishes the jury's sense of responsibility with respect to, the punishment decision. This point of error is overruled.

Finally, in his second point of error, appellant contends the mandatory parole instruction infringes on the authority of the Board of Pardons and Paroles, thus violating the constitutional separation of

1. The instruction mandated by art. 37.07, § 4(a) and given by the trial court reads:

In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense of which the jury has found the defendant guilty is listed in Section 3f(a)(1), Article 42.12, of this code or if the judgment contains an affirmative finding under Section 3f(a)(2), Article 42.12, of this code, unless the defendant has been convicted of a capital felony the court shall charge the jury in writing as follows:

"Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

"It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

"Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or 20 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

"It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

"You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."

powers. Tex. Const. Ann. art. II, § 1 (1984). We need not reach the merits of this contention because, even if the error asserted is presumed, the record does not reflect that the error denied appellant a fair and impartial trial. Tex.Code Cr.P. Ann. art. 36.19 (1981).[2]

Appellant did not file a motion for new trial, and there is nothing in the record to indicate the actual effect, if any, the parole instruction had on the jury's deliberations as to punishment. This is significant because, in *Almanza v. State, supra,* the court, after an extensive review of the cases decided under art. 36.19, rejected the notion that any error in the jury charge requires automatic reversal in the absence of actual harm. The court stated:

> We hold that finding error in the court's charge to the jury begins—not ends—the inquiry; the next step is to make an evidentiary review ... as well as a review of any other part of the record as a whole which may illuminate the *actual,* not just theoretical, harm to the accused.

686 S.W.2d at 174 (emphasis added). *Almanza* further holds that where, as in the instant cause, there was no objection to the charge at trial, the actual harm suffered must be egregious:

> [I]f no proper objection was made at trial and the accused must claim that the error was "fundamental," he will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial"—in short "egregious harm."

686 S.W.2d at 171. Finally, *Almanza* instructs us that:

> [T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and

any other relevant information revealed by the record of the trial as a whole. *Id.*

The jury below was instructed, in accordance with art. 37.07, § 4(a), not to consider the manner in which the parole law might be applied to appellant. There is no evidence in the record that the jury did not understand or comply with this instruction. Although the prosecutor referred to the parole instruction during his argument to the jury, he urged the jury not to take parole into consideration in assessing punishment.

Appellant had been found guilty of aggravated sexual abuse, a first-degree felony punishable by a maximum term of imprisonment of 99 years or life. Tex.Pen. Code Ann. § 12.32 (Supp.1987). The State proved, and the jury found, that appellant had twice before been convicted of felony offenses, thus raising the minimum term of imprisonment applicable in this cause to 25 years. Tex.Pen.Code Ann. § 12.42(d) (Supp.1987). Further, the jury could consider in assessing punishment the fact that, as the evidence reflects, the sexual assault on the victim was accompanied by extreme physical violence.

We hold that the error, if any, in giving the mandatory parole instruction has not been shown to have caused appellant egregious harm so as to deny him a fair and impartial trial. *See Rose v. State,* 724 S.W.2d 832 Tex.App.—Dallas 1986 (appellant who did not object "was not denied a fair and impartial trial or due process of law by mere submission" of the parole instruction.)

The judgment of conviction is affirmed.

---

**2.** Article 36.19 reads:

Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from

the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial.