**Adam REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–85–325–CR.**

Court of Appeals of Texas, Austin.

April 1, 1987.

Jack Bundrant, San Angelo, for appellant.

Dick Alcala, Dist. Atty., Stephen R. Lupton, Asst. Dist. Atty., Tom Green, County Courthouse San Angelo, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

PER CURIAM.

Appellant pleaded guilty before a jury to the offense of aggravated sexual assault. Tex.Pen.Code Ann. § 22.021(a)(5) (Supp. 1987). After hearing evidence, the jury assessed punishment at imprisonment for 25 years. In two points of error, appellant contends the trial court fundamentally erred by instructing the jury on the law of parole as mandated by Tex.Code Cr.P.Ann. art. 37.07, § 4(a) (Supp.1987).

Appellant's first complaint is that the charge mandated by § 4(a) is to be given only if the offense for which the defendant has been found guilty "is listed in Section 3f(a)(1), Article 42.12, of this code or if the judgment contains an affirmative finding under Section 3f(a)(2), Article 42.12, of this code." Appellant argues that because Tex. Code Cr.P.Ann. art. 42.12 (Supp.1987) does not contain a § 3f(a)(1) or a § 3f(a)(2), his case could not have come within the scope of art. 37.07, § 4(a).

In *Tollett v. State*, 727 S.W.2d 714 (Tex.App.—Austin 1987), this Court held that the reference to art. 42.12, § 3f(a)(1) contained in art. 37.07, § 4(a) is an obvious reference to present art. 42.12, § 3g(a)(1). Because aggravated sexual assault is an offense enumerated in § 3g(a)(1), the trial court did not err by giving the parole instruction mandated by art. 37.07, § 4(a).

Appellant's next contention is that the instruction mandated by art. 37.07, § 4(a) is fundamentally defective because it informs the jury that the defendant "may earn time off the sentence imposed through the award of good conduct time." Appellant contends this portion of the instruction is erroneous because a defendant convicted of an offense enumerated in Tex.Code Cr. P.Ann. art. 42.12, § 3g(a)(1) (Supp.1987) is not entitled to have good conduct time considered in determining his eligibility for parole, a fact elsewhere explained in the parole instruction. *See* Tex.Code Cr.P. Ann. art. 42.18, § 8(b) (Supp.1987). However, appellant overlooks the fact that good conduct time is presently considered in determining the date of a prisoner's release on mandatory supervision, even if the prisoner was convicted of an "enumerated offense." Article 42.18, § 8(c).[1] Thus, the parole instruction does not misstate the law insofar as it applies to appellant.

Finally, appellant complains that the mandatory parole instruction infringes on the authority of the Board of Pardons and Paroles in violation of the constitutional

---

1. This will not be true for prisoners convicted of "enumerated offenses" committed on or after September 1, 1987. *See* 1986 Tex.Sess.Law Serv., 3rd Spec.Sess., ch. 8, §§ 1 and 3, at 18, 20.

separation of powers. Tex.Const.Ann. art. II, § 1 (1984). We need not decide this issue because appellant did not object to the charge and the record does not demonstrate that the error, if any, caused him egregious harm. *Almanza v. State*, 686 S.W.2d 157, 160 (Tex.Cr.App.1985) (opinion on rehearing).

The jury below was instructed, in accordance with art. 37.07, § 4(a), not to consider the manner in which the parole law might be applied to appellant, and there is no evidence in the record that the jury did not understand or comply with this instruction. The arguments of counsel were not transcribed, and therefore it cannot be determined if the parole instruction was mentioned during jury argument. Finally, the jury could consider in assessing punishment the evidence that appellant had repeatedly engaged in acts of sexual intercourse and deviate sexual intercourse with the seven-year-old victim.

There is nothing in the record to indicate the effect, if any, the parole instruction had on the jury's deliberations as to punishment. We hold that the constitutional error, if any, in giving the mandatory parole instruction has not been shown to have denied appellant a fair and impartial trial. *Colter v. State*, 724 S.W.2d 925 (Tex. App.—Austin, 1987).

In his final point of error, appellant contends the charge to the jury was fundamentally defective because, in the first paragraph, it informed the jury that the indictment by which appellant was charged alleged "penetration of the child's mouth by means of the defendant's sexual organ," omitting any reference to a culpable mental state. This contention is without merit.

The record reflects that the indictment, which alleged the requisite culpable mental state, was read to the jury. Appellant then entered a plea of guilty before the jury, admitting thereby all elements of the offense. *Darden v. State*, 430 S.W.2d 494 (Tex.Cr.App.1968). The error, if any, in the first paragraph of the charge did not cause appellant egregious harm. *Almanza v. State, supra.*

The judgment of conviction is affirmed.