**Ray GONZALEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00036–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 9, 1987.

Stanley C. Kirk, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Cathleen C. Herasimchuk and Joan Campbell, Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and HOYT, JJ.

## OPINION

HOYT, Justice.

After finding the appellant guilty of aggravated kidnapping, a jury assessed his punishment at 30 years confinement.

The appellant's first and second points of error contend that the jury's verdict of guilty is not definite or certain because the charge permits the jury to find the appellant guilty of aggravated kidnapping by finding specifically that he intended either to rob the complainant or to inflict bodily injury on her; and that on the bodily injury paragraph, the evidence is insufficient.

The appellant's contention is based upon the fact that he was charged by alternate paragraphs with aggravated kidnapping, i.e., facilitating the commission of a felony under Tex.Penal Code Ann. § 20.04(a)(3)

(Vernon 1974), and intent to inflict bodily injury under Tex.Penal Code Ann. § 20.-04(a)(4) (Vernon 1974). Because the jury found the appellant "guilty of aggravated kidnapping, as charged in the indictment," and because, as he contends, the evidence was insufficient to sustain a conviction without a showing that he intended to inflict bodily injury, a general verdict by the jury is neither sufficiently definite nor certain to sustain the judgment.

■ Tex.Code Crim.P.Ann. art. 37.07, § 1(a) (Vernon 1981) states that "the verdict in every criminal action must be general." An indictment may allege different methods of committing the same offense and each of these methods may be submitted alternatively in the jury charge. *Zanghetti v. State*, 618 S.W.2d 383, 386–388 (Tex.Crim.App.1981). When a general verdict is returned and the evidence is sufficient to support a finding under any count, of the counts submitted, or manner of committing the offense, no error is shown. *Bailey v. State*, 532 S.W.2d 316, 322–323 (Tex.Crim.App.1975); *Hintz v. State*, 396 S.W.2d 411, 413–414 (Tex.Crim. App.1965); *Tapley v. State*, 673 S.W.2d 284, 289 (Tex.App.—San Antonio 1984, pet. ref'd).

■ In the present case, if the evidence was sufficient to sustain the verdict under either count, no error is shown. *Riley v. State*, 658 S.W.2d 818, 819 (Tex.App.—Fort Worth 1983, no pet.). The evidence in this case is undisputed and shows conclusively that the complainant was forcefully abducted without her consent, resulting in two broken ribs and injury to her head, chin, and legs. Additionally, appellant testified in his own behalf and admitted that the complainant's abduction was effected either to do bodily injury or to "hold her up." The indictment's paragraph relative to the appellant's "intent to inflict bodily injury" is supported by the evidence.

The appellant's first and second points of error are overruled.

In his remaining five points of error, the appellant challenges the constitutionality of Tex.Code Crim.P.Ann., art. 37.07, § 4 (Vernon Supp.1987). He contends that: (1) the trial court committed fundamental error in instructing the jury on the law of parole; (2) the instruction violates the separation of powers doctrine; (3) the instruction was a "null and void instruction" causing egregious harm as a matter of law; (4) article 37.07, § 4 is unconstitutionally vague; and (5) article 37.07, § 4 violates the due process clause of the United States Constitution. No objection to the submission of the charge was made in the trial court.

Although the constitutionality issues raised by the appellant have been previously addressed by this Court and another appellate court, *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas 1986, pet. granted); *Clark v. State*, 721 S.W.2d 424, 425–426 (Tex.App.—Houston [1st Dist.] 1986, pet. pending), we are not constrained to address these issues when they are raised for the first time on appeal. *Parker v. State*, 649 S.W.2d 46 (Tex.Crim.App.), *cert. denied*, 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). "Texas has long had and enforced a contemporaneous objection requirement. Even a constitutional error may be waived by failure to object." *Parker*, 649 S.W.2d at 55. However, because the appellant contends that egregious harm was caused by the giving of the instruction, we will examine the record to determine if he was denied a fair and impartial trial.

■ In *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g), the Court of Criminal Appeals held that where, as here, there was no objection to the charge at trial, the actual harm suffered must be egregious.

[I]f no proper objection was made at trial and the accused must claim that the error was "fundamental," he will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial"—in short "egregious harm."

*Almanza* also instructs us that:

[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and

**180**

any other relevant information revealed by the record of the trial as a whole.

The jury was instructed in accordance with art. 37.07, § 4(a) not to consider the manner in which the parole law might be applied to appellant. There is no evidence in the record that the jury did not understand or comply with this instruction. Appellate courts must presume that the jury follows the trial court's instructions. *Ainsworth v. State*, 517 S.W.2d 274, 277 (Tex. Crim.App.1975). *See also Parker v. Randolph*, 442 U.S. 62, 75 n. 7, 99 S.Ct. 2132, 2140 n. 7, 60 L.Ed.2d 713 (1979).

The appellant was found guilty of aggravated kidnapping, a first-degree felony punishable by a maximum term of confinement of 99 years or life. Tex.Penal Code Ann. §§ 12.32 and 20.04(b) (Vernon Supp. 1987). His assertion that his sentence of thirty years is three times greater than his brother's sentence "where no such instruction was given clearly reflects the egregious harm" suffered by him. There is nothing in the record to support this assertion.

We hold that the error, if any, in giving the parole instruction has not been shown to have caused the appellant egregious harm so as to deny him a fair and impartial trial. See *Colter v. State*, 724 S.W.2d 925 (Tex.App.—Austin 1987, no pet.); *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas 1986, pet. granted).

The appellant's third, fourth, fifth, sixth, and seventh points of error are overruled.

The judgment of the trial court is affirmed.