**Luis Alonso ESCOBAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–01019–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 15, 1989.

J.C. Castillo and Candelario Elizondo, Houston, for appellant.

John B. Holmes, Dist. Atty., Alan Curry, and Robert Kepple, Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and MIRABAL and DUNN, JJ.

### OPINION

DUNN, Justice.

A jury convicted appellant of delivery of more than 200 but less than 400 grams of cocaine and assessed punishment at 50 years confinement and a fine of $100,000.

Undercover officers met appellant at an auto body shop. They told appellant they wanted to buy $10,000 worth of cocaine. Appellant told them that he would get the cocaine if the officers gave him the money. The officers responded that they were afraid that appellant would take the money and not return with cocaine. Appellant then went to a nearby grocery store where he made several telephone calls. Appellant and the officers then went to another grocery store where appellant made several calls. An hour later, appellant took one of the officers to the back of the grocery store to an apartment complex parking lot. Appellant opened the driver's door of a grey car and pointed to the floor on the driver's side. The officer reached under the driver's seat and found a brown paper bag containing a plastic bag filled with 265.5 grams of cocaine. Appellant was then arrested.

Appellant was charged in a three-paragraph indictment with delivery of cocaine by actual transfer, constructive transfer, and by offer to sell. The State abandoned the paragraph alleging actual transfer. The trial court instructed the jury on constructive delivery, constructive delivery as a party, delivery by an offer to sell, and as a party to delivery by an offer to sell. The

charge authorized and the jury returned a general verdict of "guilty."

Appellant contends, in his sole point of error, that the evidence is insufficient to show delivery by an offer to sell and that the conviction must be reversed. He relies upon the rule recited in *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 1866, 100 L.Ed.2d 384 (1988), and *Yates v. United States,* 354 U.S. 298, 313, 77 S.Ct. 1064, 1074, 1 L.Ed.2d 1356 (1957), which provides:

> With respect to findings of guilt on criminal charges, the Court consistently has followed the rule that the jury's verdict must be set aside if it could be supported on one ground but not on another, and the reviewing court was uncertain which of the two grounds was relied upon by the jury in reaching a verdict.

The Court has not expressly identified the particular federal constitutional guarantee from which this rule arises.

■ We have not found, and appellant has not cited, a case where the United States Supreme Court applied this rule to a conviction under state law on a general verdict where the evidence is sufficient to sustain a finding of guilt on one of several counts submitted, but is insufficient to sustain a finding of guilt on each of the other counts. *Mills* involved the validity of a death penalty, punishment phase charge that instructed the jury regarding aggravating and mitigating circumstances. Further, the courts of this State, without reference to the rule in *Mills* and *Yates,* have consistently held that when a general verdict is returned, and the evidence is sufficient to support a finding under any of the counts submitted, no error is shown. *Cook v. State,* 741 S.W.2d 928, 935 (Tex.Crim. App.1987), *vacated on other grounds,* — U.S. ——, 109 S.Ct. 39, 102 L.Ed.2d 19 (1988); *Aguirre v. State,* 732 S.W.2d 320, 326 (Tex.Crim.App.1987) (op. on reh'g); *Bailey v. State,* 532 S.W.2d 316, 323 (Tex. Crim.App.1975); *Gonzalez v. State,* 734 S.W.2d 178, 179 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Accordingly, we hold that *Cook* is controlling, and we review the

record to determine whether the evidence is sufficient to support a finding under any of the paragraphs submitted.

■ Assuming, arguendo, that the evidence is insufficient to prove delivery by an offer to sell, we find the evidence is sufficient to prove that appellant delivered the cocaine by constructive transfer. To prove constructive transfer the State was required to prove 1) prior to the alleged delivery, appellant had either direct or indirect control of the cocaine, and 2) appellant knew of the existence of the transferee. *Daniels v. State,* 754 S.W.2d 214, 221–22 (Tex.Crim.App.1988). The record shows that appellant arranged for an agent to place the cocaine in the car under the driver's seat at a specific location and directed the officer, the transferee, to it. This was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that appellant had indirect control of the cocaine and knew of the transferee's existence. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Appellant's sole point of error is overruled.

The judgment is affirmed.