Gatlin v. State 






NO. 10-90-081-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          GILBERT DOUGLAS GATLIN,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS 
                                                                                            Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas
Trial Court # 89-1166-C

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was convicted of sexual assault and, having been convicted of two prior felony
offenses, assessed life in prison. See Tex. Penal Code Ann. § 22.011 (Vernon 1989); Tex.
Penal Code Ann. § 12.42(d) (Vernon Supp. 1991). We must decide if the court erred (1) in not
requiring the State to elect among alternative means of committing the offense, (2) in submitting
a disjunctive charge along with a general verdict form, and (3) in failing to sustain Appellant's
objection to an alleged comment on his failure to testify. We will overrule Appellant's points.
          The indictment charged Appellant with sexual assault and, in three paragraphs, alleged that
the complainant did not consent because she was (1) subjected to physical force and violence, (2)
subjected to threats of force and violence, (3) unconscious and physically unable to resist, and (4)
unaware that the assault was occurring. See Tex. Penal Code Ann. § 22.011(b)(1), (2), (3), (5)
(Vernon 1989). The State abandoned the fourth allegation prior to preparation of the charge. 
Appellant's motion to require the State to elect the means by which it sought to convict him, made
prior to preparation of the charge, was denied.
          The State was not required by any statute or decision to elect, and Appellant did not have
the right to compel an election. See Pimentel v. State, 710 S.W.2d 764, 776 (Tex. App.--San
Antonio 1986, pet. ref'd). Generally, an election is necessary only when the evidence does not
support the submission of an offense. Id. Otherwise, proof of any alleged manner and means of
committing an offense will support a general verdict of guilt. Id. 
          Here, the record reveals that Appellant took the complainant to a secluded location, pushed
her, put her in a headlock, tied her hands behind her back with a rope, used a spray-on substance
several times to render her unconscious, and threatened her, saying "he was going to have her and
she could either do it the easy way or the hard way." Based on this evidence the jury could have
convicted Appellant of any of the means of committing the offense, and the State was not required
to elect the means on which it would rely. Id. We overrule point one.
          Appellant further complains of the court's submission of the offense in disjunctive form
along with a general verdict form. Because the indictment alleged different ways of committing
the same offense and the evidence was sufficient to support a finding of any of the means
submitted in the charge, a general verdict form was proper. See Aguirre v. State, 732 S.W.2d
320, 326 (Tex. Crim. App. 1987) (on rehearing); Williams v. State, 720 S.W.2d 236, 238 (Tex. 
App.--Houston [14th Dist.] 1986, pet. ref'd), cert. denied, 484 U.S. 833 (1987); Tex. Code
Crim. Proc. Ann. art 37.07 § 1(a) (Vernon 1981). We overrule point two.
          During final argument on guilt-innocence, Appellant's counsel was discussing the prior
relationship between Appellant and the complainant and the fact that the court had disallowed
testimony which Appellant had offered. In objecting to the argument, the prosecutor said, "Your
Honor, I'm going to object. They could have proven that any other way they wanted to." 
Appellant complains that this was a comment on his failure to testify. We disagree. 
          For a statement to constitute a comment on the failure to testify, the language used must
be either manifestly intended, or of such a character that the jury would naturally and necessarily
take it to be a comment on the defendant's failure to testify. Livingston v. State, 739 S.W.2d 311,
337 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1210 (1988). That the language might be
construed as an implied or indirect allusion to the defendant's failure to testify is not sufficient. 
Id. at 338. For an indirect comment to constitute reversible error, it must call for a denial of an
assertion of fact or contradictory evidence that only the defendant is in a position to offer. Id. at
337. 
          Here, the comment was made as part of an objection, not during the prosecutor's argument
to the jury and did not mention Appellant. Witnesses other than Appellant were in a position to
offer testimony about the prior relationship between Appellant and the complainant, so the
language used can be reasonably construed to refer to his failure to produce testimony from
another source. See id. at 338. We do not find that the statement at issue naturally and
necessarily referred to Appellant's failure to testify. Id. We overrule point three.
          We affirm the judgment.
 
                                                                                  BILL VANCE                              

Before Chief Justice Thomas
          Justice Cummings and 
          Justice Vance
Affirmed
Opinion delivered and filed
Do not publish