Date issued November 7, 2002






 






  

 



In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00424-CR




JAMES BERNARD VAUGHN, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 155th District Court
Waller County, Texas
Trial Court Cause No. 99-06-9940


                                                                              

O P I N I O N

          James Bernard Vaughn, Jr., appellant, was convicted of delivery of a controlled
substance, namely cocaine, in an amount between one and four grams.


 Appellant
pleaded true to two enhancements and the jury assessed punishment at 33 years’
confinement.


 We affirm.


 
Facts
          Appellant called Officer Robert Young of the West Side Narcotics Task Force
in Waller County and offered to sell Young crack cocaine in Brookshire, Texas. 
Young and Trooper Ray Avery, commander of the Task Force, established
surveillance in a shopping center parking lot where the sale was to occur. Young
called appellant to set up the specific location of sale, and appellant told Young that
he would send somebody to deliver the cocaine. Larry Daniel Davis and Betty
Charles Shaw arrived at the shopping center in a blue Jeep. Young recognized the
Jeep from earlier surveillance at appellant’s home. Once Davis had parked, Shaw
walked to Young’s car, knocked on the window, and identified herself as “Granny.” 
Young told Shaw to get into his car, where she gave him a package containing 11
“rocks”


 of crack cocaine. 
          Young called appellant to verify that Shaw was sent by appellant to make the
sale and to inform appellant that Shaw delivered less cocaine than originally planned. 
Appellant told Young that Shaw was “cool” to make the delivery but that he only had
11 rocks of crack cocaine to sell. Young accepted the cocaine, and paid Shaw $100. 
Shaw requested one rock of crack cocaine as a tip for the delivery, but Young refused
and instead paid her a $5 “tip.” 
          Young gave the package to the Department of Public Safety Crime Laboratory;
it was analyzed and the contents tested positive for 1.07 grams of cocaine. Young
testified that the telephone number he called to arrange the delivery was appellant’s
cellular telephone number; however, the State did not produce any telephone records
at trial to support his testimony. 
          Shaw testified that appellant did not send her to deliver the crack cocaine and
that she joined Davis on his trip to the shopping center without knowledge of the
pending drug transaction. She also testified that, before their arrival at the shopping
center, Davis discussed some details of the delivery; she understood the nature of the
transaction; she had known appellant for at least five years; she knew that appellant
owned the package of crack cocaine; and she agreed to deliver it.  
DiscussionIn his sole point of error, appellant argues that the evidence is factually
insufficient to prove that he actually or constructively delivered or offered to sell
crack cocaine to Young. In reviewing factual sufficiency, we examine all of the
evidence neutrally and ask whether proof of guilt is so obviously weak or greatly
outweighed by contrary proof as to indicate that a manifest injustice has occurred. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000); Valencia v. State, 51
S.W.3d 418, 423 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). In conducting
this analysis, we may disagree with the jury’s determination, even if probative
evidence supports the verdict, but we must avoid substituting our judgment for that
of the fact finder. King, 29 S.W.3d at 563.
          Appellant argues, first, that he could not have been a party to the sale of
cocaine because he was not present at the time of the transaction, and, second, that
the only evidence of his participation was the testimony of Shaw, an accomplice
witness. Appellant argues that Shaw was not an accomplice and that, even if Shaw
was an accomplice, the uncorroborated testimony of an accomplice witness is
insufficient testimony to sustain his conviction.
          Appellant was charged with the intentional and knowing delivery of a
controlled substance, namely cocaine, by actual or constructive transfer, or by an
offer to sell the cocaine. The charge included a definition of delivery that
incorporated all three methods of transfer described in the indictment.




          The State may plead all three forms of delivery in the indictment. See State v.
Garrett, 798 S.W.2d 311, 314 (Tex. App.—Houston [1st Dist.] 1990), aff’d, 824
S.W.2d 181 (Tex. Crim. App. 1992). When a general verdict is returned and the
evidence is sufficient to support a finding under any of the alternative methods
submitted, no error is shown. See Atuesta v. State, 788 S.W.2d 382, 385 (Tex.
App.—Houston [1st Dist.] 1990, pet. ref’d).
          To demonstrate a constructive transfer, the evidence must show that (1) prior
to an alleged delivery, the transferor must have either direct or indirect control of the
substance, and (2) the transferor must know of the existence of the transferee. 
Daniels v. State, 754 S.W.2d 214, 221-22 (Tex. Crim. App. 1988); Escobar v. State,
773 S.W.2d 59, 60 (Tex. App.—Houston [1st Dist.] 1989, pet. ref’d). Appellant told
Young that appellant would send someone with the crack cocaine to the location
Young selected. Young confirmed the amount and the contents of the package with
appellant by telephone during the delivery by Shaw, and the telephone number Young
called was traced to appellant’s telephone. The package was delivered by Davis in
a blue Jeep. Young had previously seen both the Jeep and Davis at appellant’s home. 
On cross-examination, appellant challenged Young’s identification of appellant’s
telephone number because the State did not present any telephone records. No other
evidence was presented to rebut or mitigate Young’s testimony. 
          Because the package was delivered to Young at the agreed time, and because
appellant confirmed that he sent only 11 rocks to Young, the evidence showed
appellant had control over the package delivered by Shaw and knew of the existence
of the transferee, Young. See Daniels, 754 S.W.2d at 221-22. After a neutral review
of all of the evidence, we conclude that the evidence was factually sufficient to show
that appellant constructively transferred the crack cocaine to Young. King, 29
S.W.3d at 563. Because the evidence is factually sufficient to support appellant’s
conviction apart from the use of Shaw’s testimony, we do not need to address
appellant’s second argument regarding accomplice testimony. 
          We overrule appellant’s sole point of error. 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court. 
 
 

                                                                        Evelyn V. Keyes 
                                                                        Justice
 
Panel consists of Justices Hedges, Keyes, and Duggan.



Do not publish. Tex. R. App. P. 47.4.